IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND SNEED         § | |
| MOVANT,              § | |
|                       § | |
| v.                    § | CIVIL CASE NO. 3:16-CV-1639-L-BK |
|                       § | (CRIMINAL CASE NO. 3:07-CR-150-L-1) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT.           § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Movant Raymond Sneed's successive *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* should be **DENIED**.

**I.     BACKGROUND**

In 2008, Sneed pled guilty to possessing a firearm after conviction of a felony offense and was sentenced under the Armed Career Criminal Act ("ACCA") to 216 months' imprisonment and a five-year term of supervised release. Crim. Doc. 35 (Solis, J.). His sentence was affirmed on direct appeal, *United States v. Sneed*, 329 F. App'x 563, 564 (5th Cir. 2009) (per curiam), *cert. denied*, 559 U.S. 907 (2010), and his first motion for post-conviction relief under 28 U.S.C. § 2255 was dismissed for want of prosecution, *Sneed v. United States*, No. 3:11-CV-173-P (N.D. Tex. June 8, 2011) (Solis, J.).

Following the decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), which found that the residual clause of the ACCA was unconstitutionally vague, the United States Court of Appeals for the Fifth Circuit granted Sneed's motion for authorization to file a

successive Section 2255 motion as to his prior Texas convictions for robbery and evading arrest or detention using a motor vehicle, but denied authorization as to his prior conviction for assault on a public servant because the sentencing court found it was a violent felony under the use-of-force clause of the ACCA.¹ *In re Sneed*, No. 16-10739 (5th Cir. June 15, 2016); Doc. 1.

Through retained counsel, Sneed filed the instant, timely Section 2255 motion, challenging under *Johnson* the application under the ACCA of his prior convictions for evading arrest and assault on a public servant. Doc. 2 at 6. The Court subsequently granted Sneed's request to amend to challenge the application of his evading arrest and robbery offenses under the ACCA. Doc. 7; Doc. 8 at 6. The Government conceded that the evading arrest conviction no longer qualified as an ACCA enhancement and the parties agreed to stay the case as to the application of the prior robbery conviction pending the Fifth Circuit's decision in *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019). Doc. 16 at 10; Doc. 22 at 3; Doc. 24. As such, the only issue remaining is whether Sneed's prior robbery conviction qualifies as a predicate offense under the ACCA. After reviewing the record and the applicable law, the Court concludes that while Sneed can make the requisite jurisdictional showing, his claim nonetheless fails because he cannot demonstrate prejudice.

## II.     ANALYSIS

Before this Court can review Sneed's successive Section 2255 motion, he must make the requisite jurisdictional showing under 28 U.S.C. § 2244(b)(2) and (4). *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018) ("[P]risoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new

---

¹ *Johnson* was made retroactive to cases on collateral review in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016).

evidence"), *cert. denied*, 139 S. Ct. 1328 (2019). Under the applicable standard, Sneed must "show that it was 'more likely than not' that the sentencing court relied on the residual clause" in imposing punishment under the ACCA. *United States v. Clay*, — F.3d —, 2019 WL 1745854, at *1 (5th Cir. 2019); *see also Wiese*, 896 F.3d at 724-26 ("The dispositive question . . . is whether the sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate . . . to reach the merits of [the] motion.").

Even if the sentencing Court erred in relying on the ACCA's residual clause—thus implicating *Johnson*—this Court may grant relief only if the *Johnson* error "had substantial and injurious effect or influence" under current law in determining Sneed's sentence. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard to Section 2255 motion); *Bivins v. United States*, No. 3:16-CV-1697-D-BK, 2019 WL 360538, at *2 (N.D. Tex. Jan. 9, 2019), *R. & R. accepted*, 2019 WL 358509, at *1 (N.D. Tex. Jan. 29, 2019) (collecting cases applying *Brecht* harmless error analysis to initial and successive *Johnson*-based Section 2255 motions based on current law). Thus, to prevail, Sneed must show that he was prejudiced by the *Johnson* error under current law—specifically that absent the residual clause he no longer has three convictions that qualify as violent felonies.[2]

The harmless error analysis dooms Sneed's claim. Based on legal precedent at the time of sentencing, the Court "more likely than not" relied on the residual clause in determining that

---

[2] Sneed does not challenge the other two predicate offenses: (1) a conviction for assault on public servant that was deemed a violent felony under the ACCA's force clause, *see In re Sneed*, No. 16-10739, Doc. 1 *supra*, and (2) an aggravated assault conviction, a violent felony under the force clause, *see United States v. Gomez Gomez,* 917 F.3d 332, 334 (5th Cir. 2019) (Texas aggravated assault was a crime of violence under the related force clause of 18 U.S.C. § 16(a)).

his robbery offense qualified as an ACCA predicate—thus implicating *Johnson*. *See United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007) (finding Texas robbery a qualifying predicate under the residual clause because it "presents a serious potential risk of physical injury to another"). Nevertheless, Sneed cannot demonstrate that he was prejudiced. Under current legal precedent, which is relevant in the analysis of harmless error, Sneed's prior Texas robbery conviction still qualifies as a crime of violence albeit under the ACCA's force clause. *See* Burris, 920 F.3d at 944 (relying on *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), and *Stokeling v. United States*, — U.S. —, 139 S. Ct. 544 (2019), to hold that robbery under TEX. PENAL CODE § 29.02(a) requires the "use, attempted use, or threatened use of physical force" and, thus, is a crime of violence under the ACCA's force clause).

### III.  CONCLUSION

Because Sneed cannot demonstrate prejudice, his claim *Johnson* claim fails. Thus, Sneed's successive motion to vacate sentence under 28 U.S.C. § 2255 should be **DENIED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 3, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).