IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**RAYMOND SNEED,** §
§
Petitioner, §
v. § Civil Action No. **3:16-CV-1639-L**
§
**UNITED STATES OF AMERICA,** §
§
Respondent. §

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 26) was entered on May 3, 2019, recommending that the court deny Petitioner's successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 2) and dismiss with prejudice this action, as his claim under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), fails as a matter of law because he cannot demonstrate prejudice. In this regard, the magistrate judge determined that Petitioner cannot establish that the alleged "*Johnson* error 'had substantial and injurious effect or influence' under current law in determining [his] sentence." Report 3 (citations omitted).

Petitioner did not file objections to the Report. He, instead, filed two motions, which were both docketed on June 20, 2019. In the first motion (Doc. 27), Petitioner contends his retained attorney in this case provided ineffective assistance and has informed him that he intends to withdraw as his counsel because of health issues. In addition, Petitioner asserts that he "was wrongly enhanced under the ACCA criminal statu[t]e," and his attorney should have recognized this and taken appropriate steps to correct the alleged error. Mot. 2 (Doc. 27). Petitioner does not request any particular relief in this motion. The court, nevertheless, **construes** the motion and Petitioner's

Order – Page 1

contention that he should not have been sentenced under the Armed Career Criminal Act or ACCA as objections to the FCR and the ground for his second motion (Doc. 28) in which he requests that the court, "in the interest of justice," appoint counsel to represent him in this case to protect his constitutional right to counsel under the Sixth Amendment.

There is no constitutional right to appointment of counsel in a federal habeas corpus proceeding, which are civil in nature.. *McClesky v. Zant*, 111 S. Ct. 1454, 1471 (1991). Appointment of counsel in habeas proceedings is appropriate, however, when "the interests of justice so require and such person is financially unable to obtain representation." *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) (citing Fifth Circuit Plan Under the Criminal Justice Act, § 2; and 18 U.S.C. § 3006A(2)(B)). The legal principles governing Petitioner's claim are settled. the court, therefore, determines, that additional briefing by counsel is not necessary, as it would not assist the court and would be an inefficient use of judicial resources. *Self*, 751 F.2d at 793. For the same reason, no evidentiary hearing is necessary to resolve Petitioner's motion and *Johnson* claim. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (recognizing that counsel must be appointed in a section 2255 habeas proceeding if the court determines that an evidentiary hearing is required). Accordingly, appointment of counsel is not required and would not be in the interest of justice. There is also no indication that Petitioner is financially unable to retain new counsel. For these reasons, the court **denies** Petitioner's motion for appointment of counsel (Doc. 28).

As Petitioner has not sought an extension to file additional objections, and the court sees no reason to further delay the resolution of his section 2255 motion, it, after reviewing the section 2255 motion, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, determines that the findings and conclusions of the

magistrate judge are correct; **accepts** them as those of the court; **overrules** Petitioner's objections; **denies** Petitioner's successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255; and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 26th day of June, 2019.

_____
Sam A. Lindsay
United States District Judge